[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (NO. 122)
On April 15, 1991, the plaintiff, Sharon Walker, instituted the instant action against the defendant, Broadcannon Associates ["Broadcannon"]. On August 14, 1992, the defendant filed a motion to implead the third-party defendant, Service Management Group, Inc. ["Service Management"], along with a third-party complaint. On August 31, 1992, the court granted the motion to implead.
On February 26, 1993, the third-party plaintiff, filed an amended four-count complaint. The first count is a claim for contractual indemnification. The third count alleges a claim for indemnification based upon active-passive negligence, and the second and fourth counts set forth a claim for apportionment of damages pursuant to General Statutes 52-572h(c), (d) and (f).
On March 18, 1993 the third-party defendant filed a motion to strike the second and fourth counts on the ground that a claim of apportionment does not give rise to an independent cause of action. The third-party defendant also filed a memorandum of law in support of its motion to strike. As of June 21, 1993, the third-party plaintiff has filed no papers in opposition.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Practice Book 152(1); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not CT Page 6770 therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. Peoples's Bank, 219 Conn. 465, 471 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations could not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
The third-party defendant argues that the second and fourth counts of the third-party complaint are legally insufficient in that the third-party plaintiff seeks only apportionment and does not seek affirmative relief as required under Connecticut law. "`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . .'" (Emphasis added.) People's Bank v. Bilmor Building Corporation,28 Conn. App. 809, 816, 614 A.2d 456 (1992), quoting Gurliacci v. Mayer, 218 Conn. 531, 546-47, 590 A.2d 914 (1991).
General Statutes 52-572h provides, in relevant part, that:
 [i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . ., if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . .
General Statutes 52-572h(c). Section 52-572h does not entitle a plaintiff to any relief. Thus, since a claim for apportionment of damages under General Statutes 52-2572h fails to seek affirmative relief, a claim for apportionment does not constitute a "cause of action." See Watson v. Boykin, 7 CTLR 261, 261-62 (August 26, 1992, Burns, J.), quoting Miller v. Dickinson, 3 Conn. L. Rptr. 308, 309 (March 7, 1991, Shimelman, J.); Torres v. Mejia, 7 CSCR 1006, 1007 (July 20, 1992, Wagner, CT Page 6771 J.)
The second and fourth counts of the third-count complaint merely seek apportionment of damages pursuant to General Statutes 52-572h(c). Accordingly, the second and fourth counts of the third-party complaint are legally insufficient, and therefore, the motion to strike is granted.
LEHENY, JUDGE